[FILE # **1** OF SET OF FILES FILED ELECTRONICALLY FOR 2nd AMENDED COMPLAINT including Appendices A, B1-B6 and D **:]

✔ **2nd Amended Complaint Pages 1 - 26**

_____ **Appendix A**

_____ **Appendix B-___ through B-_____**

_____ **Appendix B6 (Pages _____ - _____)**

_____ **Appendix D (Pages _____ - _____)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK      ECF CASE
-----------------------------------------------------------x
                  :
COALITION FOR A LEVEL PLAYING     :
FIELD, L.L.C., et al.,              :
                  :      04 CV 08450  (RJH)
           Plaintiffs,    :
                  :
      -against-         :
                  :
AUTOZONE, INC., et al..,      :
                  :
          Defendants.   :
                  :
-----------------------------------------------------------x

** Note:  Appendix C is filed separately.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    ECF CASE
-------------------------------------------------------------x
                                                            :
COALITION FOR A LEVEL PLAYING FIELD, L.L.C., ROBERT          :
ELGART & SON INC., AMELIA'S AUTOMOTIVE, INC., GLO AUTO       :    04 CV 08450 (RJH)
SUPPLY, INC., DIXIE DIGGS AUTO PARTS, INC., MOTOR SUPPLY     :
CORP., TRUCK SUPPLIERS, INC., HENRY GARCIA'S ENTERPRISES,    :
INC., CITIZENS AUTO PARTS, INC., SOUTH AUSTIN AUTO SUPPLY,   :
INC., GIL'S AUTO PARTS, S&L AUTO SUPPLY, INC., ARCAND        :    2nd AMENDED COMPLAINT
SALES & SERVICE, INC., HLR SHOCKS, INC., M & M AUTO          :
PARTS, INC., A & G AUTO PARTS, INC., JOE SACKETT &           :
SONS, INC., PELLETIER'S AUTOMOTIVE, INC., KEEN'S AUTOMOTIVE  :
MACHINE SHOP, INC., TAYLOR AUTO SUPPLY, INC.,                :
THE BILL HEBERT CO., INC., HEBERT AUTO SUPPLY OF CONCORD,    :        (Jury Demand)
L.L.C., WESSON'S MOBIL, INC., TOWNE AUTO PARTS, INC.,        :
AUTOMOTIVE HARD PARTS, INC., B. & H. AUTO SUPPLY, INC.,      :
RITCHIE AUTO PARTS, INC., BRAINTREE AUTOMOTIVE SUPPLY,       :
AUTO PARTS & EQUIPMENT CO., EASTERN AUTO PARTS, INC.,        :
COLUMBIA AUTO PARTS CO., INC., KNOX BROS., INC.,             :
DUSENBERY'S; AIRPORT AUTO SUPPLY, INC.,                      :
CARMAC, INC., AUTOMOTIVE SUPPLY ASSOCIATES,                  :
INC., BURLINGTON COUNTY AUTO PARTS, INC., U.S.A. AUTO        :
PARTS CORP., SPEED EQUIPMENT CORP., PEMA ASSOCIATES, INC.,   :
THE BELSHE CO., INC., PERRY'S AUTO PARTS &                   :
EQUIP. CO., INC., CHICOPEE AUTOMOTIVE WAREHOUSE, INC.,       :
LARRY A. SKILLMAN, STEWART'S INC.,                           :
AUTOMOTIVE WAREHOUSE, INC. OF LAKELAND, WAL, INC.,           :
SUPERIOR MOTOR PARTS, INC., CASH AUTOMOTIVE, INC.,           :
TI MANAGEMENT CO., THE MILLER DUDLEY CO., INC. OF MD.,       :
PREVATTE AUTO SUPPLY, INC.,                                  :
AUTOMOTIVE PARTS WAREHOUSE, INC.,                            :
ED SCHROEDER'S AUTO PARTS, INC., LACAVA & SOWERSBY, INC.,    :
OWENBY AUTO PARTS, INC., EASTON ELECTRICAL DEVICES, INC.,    :
GRAFFMAN'S, INC., PAGA, INC., ALCO AUTO PARTS CO., INC.,     :
AVENUE AUTO PARTS, INC., GEMINI OF WESTMONT, INC.,           :
CEE-KAY AUTO SUPPLY, INC., APW CO., ONE STOP AUTO PARTS,     :
INC., GOFFSTOWN AUTO PARTS, INC., MIDWEST WAREHOUSE          :
CORPORATION, BEST AUTO SUPPLY, INC., BACHELDERS'             :
AUTOMOTIVE DISTRIBUTORS, INC., NORTH SHORE METALS,           :
INC., MARTY'S AUTO SUPPLY, INC., E & S AUTO PARTS, INC.,     :
IRVING LEVINE AUTOMOTIVE DISTRIBUTORS INC., DYKE, INC.,      :
MARICLARE, INC., MADER AUTOMOTIVE CENTER, INC.,              :
SUBURBAN AUTO SUPPLY, INC., DYKE MOTOR SUPPLY CO.,           :
WEST INC., DYKE MOTOR SUPPLY CO., INC., HOFFMAN AUTO         :
PARTS, JOYCE'S AUTOMOTIVE SUPPLY, INC., JOYCE AUTO           :
PARTS OF MT. AIRY, INC.,                                     :
NATIONAL AUTO PARTS, INC. OF APPOMATTOX, CROWN               :
AUTOMOTIVE DISTRIBUTORS, LTD., POQUOSON AUTO PARTS,          :
STEVE'S AUTO PARTS, INC., MILLENIUM AUTOMOTIVE               :
LOGISTICS, INC., SOUTHPORT AUTO & MARINE, INC., NAPA         :
CLOVER AUTO PARTS, INC., RALPH A. DICKSON, JR., RALPH A.     :
DICKSON, III, JANICE D. MERCER, WENDELL WHELCHELL,           :

[caption continued on next page]

1

MYRA MYERS, KEN WASHINGTON AUTO                                    :
PARTS, INC., SPRINGFIELD AUTO SUPPLY,                              :
INC., CAMBRIDGE FOUR STAR, INC., WILLARD C. STARCHER,             :
INC., LAND & LAKE WHOLESALE SUPPLY, INC., PIONEER AUTO           :
CENTER, INC., WORKMAN'S AUTO PARTS, INC., WORKMAN'S              :
AUTO PARTS OF HARTVILLE, INC., WORKMAN'S PORTAGE                 :
LAKES AUTO PARTS, INC., MET'S AUTO SUPPLY, INC., BUCKEYE         :
AUTO PARTS, INC., TOLEDO AUTO ELECTRIC, INC., HOPKINS            :
AUTO SUPPLY, INC., M & B, INC., CHARLES R. RUSSELL,              :
A & T ENTERPRISES, INC., SIGGS AUTO PARTS,                        :
A TO Z AUTO PARTS #2, INC., AUTO PARTS & SUPPLY, INC.,           :
PARTNERS AUTO PARTS, INC., DOC MEYER AUTO SUPPLY, INC.,          :
WALLACE, WALLACE & WALLACE, INC., L. J. HUTCHINS                 :
AUTOMOTIVE SUPPLY, INC., W. L. GREENFIELD CORP., WYAN            :
PARTS & SERVICE, INC., HOMESTEAD AUTOMOTIVE SUPPLY,              :
STEVE'S AUTO SUPPLY, INC., BURNS AUTOMOTIVE PARTS, INC.,         :
BARLEX, INC., MANNY'S AUTO SUPPLY, INC., 47TH STREET AUTO        :
PARTS, INC., ASPA MANAGEMENT CORP., PARAMOUNT AUTO              :
PARTS, INC., CLYDE EVERETT SISSON, GENERAL AUTO REPAIR,         :
INC., CREST AUTO STORES, INC., WILLY'S AUTO SUPPLY, INC.,        :
AUTO PARTS DISCOUNT CENTER, INC., S & G AUTOMOTIVE, INC.,        :
APPONAUG AUTO SUPPLY, INC., JOBBERS WAREHOUSE                     :
SERVICE, INC., J. S. AUTO PARTS, INC., LANT ENT., INC.,          :
LINE AUTO SUPPLY, INC., MAIN AUTO SUPPLY OF FAIRFIELD,           :
INC., JOHNSTON DISTRIBUTING CO., McALHANEY ENTERPRISES,          :
INC., NILES AUTO SUPPLY OF SYRACUSE, INC., BOB'S TOOLS &         :
AUTO, INC., ALL PARTS AUTO SUPPLY, ALFREDO CARRANZA, JR.,        :
SUPERIOR BUMPER PRODUCTS, INC., SLOAN AUTO PARTS, INC.,          :
DENNIS E. REMIGER, PARTS PRO WAREHOUSE, INC., PARTS             :
MART, INC., and MUTT RADICKE AUTO SUPPLY, INC.,                  :
                                                                  :
                                          Plaintiffs,             :
                                                                  :
                    -against-                                     :
                                                                  :
AUTOZONE, INC., AUTOZONE FLORIDA, L.P., ADAP, INC.,               :
AUTOZONE STORES, INC., AUTOZONE.COM, INC.,                        :
AUTOZONE TEXAS, L.P., CHIEF AUTO PARTS, INC.,                     :
WAL-MART STORES, INC., SAM'S WEST, INC.,                          :
ADVANCE STORES COMPANY, INC.,                                     :
AFFINIA GROUP, INC., ARVINMERITOR, INC.,                          :
ASHLAND, INC., CARDONE INDUSTRIES USA, DANA CORPORATION,         :
FORD MOTOR COMPANY, PENNZOIL-QUAKER                               :
STATE COMPANY, SOPUS PRODUCTS, INC.,                              :
STANDARD MOTOR PRODUCTS, INC., STANT MANUFACTURING, INC.,        :
and THE ARMOR ALL/STP PRODUCTS COMPANY,                           :
                                                                  :
                                          Defendants.             :
                                                                  :
-------------------------------------------------------------x

# COUNT I

## [Violation of Robinson-Patman Act, §§ 2(a), 2(f) - Volume Discounts, Rebates, Fees, Allowances, and Other Payments]

### (All Plaintiffs and All Defendants)

Plaintiffs, by their attorney, as and for their complaint, respectfully allege:

### Jurisdiction and Venue

1. This controversy involves §§ 1, 4, 4B, 12 and 16 of the Clayton Act (15 U.S.C. §§ 12, 15(a), 15B, 22 and 26); and §§ 2(a), 2(d), 2(e) and 2(f) of the Robinson-Patman Act, 15 U.S.C. §§ 13(a), 13(d), 13(e) and 13(f), and 28 U.S.C. § 1337.

2. This Court has original jurisdiction over the antitrust claims under 28 U.S.C. § 1337(a) and 15 U.S.C. § 15(a), and supplemental jurisdiction as to the state claims alleged in Counts V, as hereinafter more fully appears.

2A. Each of the defendants is doing business (and, alternatively, "transacting business") in New York State and in the Southern District of New York, which gives this Court personal jurisdiction over each of the defendants, and venue as to each of the defendants is appropriate under 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b).

### Plaintiffs

3. Plaintiff, Coalition for a Level Playing Field, L.L.C. (the "Coalition"), a New Hampshire corporation, was formed in 1998 for the purpose of eliminating the discriminatory pricing system in the auto parts aftermarket. Under this system, the major chain store retailers are buying auto-parts product lines at substantially lower prices than paid by plaintiffs or plaintiffs' suppliers to the same Manufacturers Defendants for the same product lines.

---

1. There are a total of 133 Plaintiffs in this Amended and Supplemental Complaint (plus 18 "related" "b", "c", etc. Plaintiffs) of which 111 are dismissed plaintiffs (the "111 Dismissed Plaintiffs").

4. The Coalition has as members approximately 1,400 auto-parts warehouse distributors and jobbers/retailers located in approximately 30 states, including each of the other plaintiffs, and the following seven trade associations for warehouse distributors and jobbers/retailers in the auto-parts aftermarket: (i) Automotive Wholesalers Association of New England, Inc., (ii) Automotive Wholesalers of Texas, Inc., d/b/a Automotive Parts & Services Association, (iii) New Mexico Automotive Parts & Service Association, (iv) New York State Automotive Aftermarket Association, (v) Pennsylvania Automotive Parts Association, (vi) Virginia Automotive Parts & Service Association; and (vii) Automotive Aftermarket Association of the Carolinas and Tennessee, Inc.

5. The Coalition as plaintiff seeks injunctive relief against each of the defendants, but no monetary damages. Each of the other plaintiffs seeks monetary damages and injunctive relief against (i) each of the Retailer Defendants identified in ¶ 6 below, under the heading "Defts", at the end of the line on which the plaintiff is listed (and in Appendix D hereto), except that Plaintiffs do not seek damages against the Retailer Defendants to the extent of the Plaintiffs' indirect purchases of auto-parts or auto-parts product lines; and (ii) against each of the Manufacturer Defendants by the Plaintiffs specified in Appendix D.

6. In addition to the Coalition, the following entities are also plaintiffs (designated under "DL" as either "J" for primarily Jobber and Retailer or "W" for primarily Warehouse Distributor):

4

| No[1] | Name of Plaintiff | Address | Inc | DL[2] | Defts[3] |
|---|---|---|---|---|---|
| 1 | Robert Elgart & Son Inc. | 1011 W Butler St, Philadel. PA | PA | W | AZ W S AA |
| 2 | Amelia's Automotive, Inc. | 2918 Roosevelt, San Antonio TX | TX | J | AZ W S AA |
| 3 | GLO Auto Supply, Inc | 501 Kempsville Rd, Chesapeake VA | VA | J | AZ W S AA |
| 4 | Dixie Diggs Auto Parts, Inc. | P.O. Box 368, Hampton VA | VA | J | AZ W S AA |
| 5 | Motor Supply Corp. | 508 Lawndale Dr., Pearlsburg VA | VA | J | AZ W S AA |
| 6 | Truck Suppliers, Inc. | 30 Commercial St., Winchester VA | VA | W | AZ W AA |
| 7 | Henry Garcia's Enterprises, Inc. | 301 North King St, Alice TX | TX | J | AZ W S |
| 8 | Citizens Auto Parts, Inc. | 301 W 9 Mile Rd, Highland SpgsVA | VA | J | AZ W AA |
| 9 | South Austin Auto Supply, Inc. | 2801 Manchaca Rd, Austin TX | TX | W | AZ W S AA |
| 10 | Omitted. | | | | |
| 11 | Gil's Auto Parts | 5408 Forest Brook Dr Richmond VA | VA | J | AZ W S AA |
| 12 | S&L Auto Supply, Inc. | 1733 U.S. Rt. 2, Montpelier VT | VT | J | W AA |
| 13 | Arcand Sales & Service, Inc. | 229 Brighton Ave., Allston MA | MA | J | AZ W S AA |
| 14 | HLR Shocks, Inc. | 3601 Roosevelt, San Antonio TX | TX | J | AZ W S AA |
| 15 | M & M Auto Parts, Inc. | 330 N. Weatherly, Borger TX | TX | J | AZ W S |
| 16 | A & G Auto Parts, Inc. | 75 Main Street, Monroe CT | CT | J | AZ W S AA |
| 17 | Joe Sackett & Sons, Inc. | 123 North Royal Av Front RoyalVA | VA | J | AZ W AA |
| 18 | Omitted. | | | | |
| 19 | Pelletier's Automotive, Inc. | 292 Bishop St., Attleboro MA | MA | J | AZ W AA |
| 20 | Keen's Automotive Machine Shop Inc. | 1802 S Church St., Smithfield VA | VA | J | AZ W S AA |
| 21 | Taylor Auto Supply, Inc. | 239 Cattail Dr, Lawrenceville VA | VA | J | AZ W S AA |
| 22a | The Bill Hebert Co Inc. | 15 Old Farm Rd., Bedford NH | NH | J | AZ W S AA |
| 22b | Hebert Auto Supply of Concord, L.L.C. | 15 Old Farm Rd., Bedford NH | NH | J | AZ W S AA |
| 22c | Wesson's Mobil, Inc. | 15 Old Farm Rd., Bedford NH | NH | J | AZ W S AA |
| 23 | Towne Auto Parts, Inc. | 780 Worcester St., Natick MA | MA | J | AZ W S |
| 24 | Automotive Hard Parts Inc. | 199 Union St., Rockland MA | MA | W | AZ W AA |
| 25 | B. & H. Auto Supply, Inc. | 19 Jackson St., Middleboro MA | MA | J | AZ W |
| 26 | Ritchie Auto Parts, Inc. | P.O. Box 644, Norwood NC | NC | J | AZ W S AA |
| 27 | Braintree Automotive Supply | 168 Farm St., Millis MA | MA | J | AZ W S |
| 28 | Auto Parts & Equipment Co. | 911 San Juan Blvd, Farmington NM | NM | J | AZ W S |

_____ [start footnotes]

1. See Appendix A (attached hereto) for a List of the Plaintiffs no longer in the auto-parts business; and see Appendix B-5 for a list of many of the product lines at issue and accompanying Appendix C under the sub-heading "Product Lines" for the M#01-M#18 auto parts and auto-parts product lines carried by each of the Plaintiffs (other than the Coalition) during the plaintiff's Covered Period, separately stated for each Plaintiff.

2. "DL" refers to the primary distribution level of the plaintiff (i.e., either WD or Jobber/Retailer), but many of the Jobber plaintiffs purchase directly from some Manufacturers, and many WD plaintiffs are also Jobbers/Retailers. Any direct purchasing from any of the M#01-M#18 Manufacturers is alleged separately in Appendix C as to each of the Plaintiffs.

3. "Defts" sets forth the specific retailer defendants from which the plaintiff seeks monetary damages and injunctive relief. ("AZ" = AutoZone; "W" = Wal-Mart; "S" = Sam's Club; "AA"=Advance Auto; and M#01-M#18 refers to the Manufacturers as described in ¶ 66 below. The manufacturer defendants (as well as the retailer defendants) being sued by each of the plaintiffs are identified in Appendix D attached hereto, separately stated by defendant.

4. [87d-87h] Shareholder holding a percentage of the assets of one or both of liquidated corporations NAPA Gaffney Auto Parts, Inc. (a South Carolina corporation) and Genuine Parts, Inc. (a North Carolina corporation).

_____ [end footnotes]

| No[1] | Name of Plaintiff | Address | Inc[2] | DL[2] | Defts[3] |
|---|---|---|---|---|---|
| 29 | Eastern Auto Parts, Inc. | 220 Felton St., Waltham MA | MA | J | AZ W S AA |
| 30a | Omitted. | | | | |
| 30b | Omitted. | | | | |
| 31 | Columbia Auto Parts Co., Inc. | 305 Webster Ave., Cambridge MA | MA | J | AZ W S |
| 32 | Knox Bros., Inc. | 105 High Street, Belfast ME | ME | J | AZ W S AA |
| 33 | Omitted. | | | | |
| 34 | Dusenbery's [partnership] | 112 West Chaco, Aztec NM | NM | J | AZ W S |
| 35 | Airport Auto Supply, Inc. | 1403 Northridge Dr., Austin TX | TX | J | AZ W S AA |
| 36 | Carmac, Inc. | 1397 E. Main St., Torrington CT | CT | J | AZ W AA |
| 37 | Automotive Supply Associates, Inc. | 129 Manchester St., Concord NH | NH | W | AZ W S AA |
| 38 | Burlington County Auto Parts Inc | 688 High Street, Burlington NJ | NJ | J | AZ W S AA |
| 39 | U.S.A. Auto Parts Corp. | 9699 Academy Rd, Philadelphia PA | PA | J | AZ W S AA |
| 40 | Speed Equipment Corporation | 2535 Street Rd., Bensalem PA | PA | J | AZ W S |
| 41 | Pema Associates, Inc. | 348 King Street, Northampton MA | GA | J | AZ W AA |
| 42 | The Belshe Co., Inc. | 124 East Ford Rd., Sunnyvale TX | TX | J | AZ W S |
| 43a | Perry's Auto Parts & Equip. Co., Inc. | 365 Chicopee Street, Chicopee MA | MA | J | AZ W S AA |
| 43b | Chicopee Automotive Warehouse, Inc. | 367 Chicopee Street, Chicopee MA | MA | W | AZ W S AA |
| 44 | Larry A. Skillman | 1115 W. Main St., Waynesboro VA | n/a | J | AZ AA |
| 45 | Stewart's Inc. | 1226 Swede Hill Rd, Greensburg PA | PA | J | AZ W AA |
| 46 | Automotive Warehouse, Inc. of Lakeland | 20 Lake Wire Rd, Lakeland FL | FL | W | AZ W S AA |
| 47 | WAL, Inc. | 459 Washington St, Providence RI | RI | W | AZ W S AA |
| 48 | Superior Motor Parts, Inc. | 1125 Calle La Resolana Santa Fe NM | NM | J | AZ W S |
| 49a | Cash Automotive, Inc. | 425 So. Reynolds, Alice TX | TX | J | AZ W S |
| 49b | Ti Management Co. | 425 So. Reynolds, Alice TX | TX | J | AZ W S |
| 50 | The Miller Dudley Co. Inc. of Md. | 452 Wilson Ct, Friendship, MD | MD | J | AZ W S AA |
| 51b | Prevatte Auto Supply, Inc. | 422 Watts Rd., Lumberton NC | NC | W | AZ W S AA |
| 52 | Automotive Parts Warehouse, Inc. | 10 Embankment Rd., Lawrence MA | MD | W | AZ W S AA |
| 53 | Ed Schroeder's Auto Parts, Inc. | 288 Longleaf Dr. West End NC | NJ | J | AZ W S AA |
| 54 | Lacava & Sowersby, Inc. | 1375 Plymouth Ave. Fall River MA | MA | W | AZ W S AA |
| 55 | Owenby Auto Parts, Inc. | 815 West Pear St., Lakeland FL | FL | J | AZ W S AA |
| 56 | Easton Electrical Devices, Inc. | 925 Northampton St., Easton PA | PA | W | AZ W S AA |
| 57 | Graffman's, Inc. | 203 Madison Ave., Skowhegan ME | ME | J | AZ W S AA |
| 58 | PAGA, Inc., | 67 W. Hollis Rd., Hollis NH | MA | J | AZ W S AA |
| 59 | Alco Auto Parts Co., Inc. | 288 Hyde Park Ave Jamaica Plain MA | MA | J | AZ AA |
| 60 | Avenue Auto Parts, Inc. | 5300 Farrow Rd., Columbia SC | SC | W | AZ W S AA |
| 61 | Omitted. | | | | |
| 62 | Gemini of Westmont, Inc. | 206 Haddon Ave., Westmont NJ | NJ | J | AZ W S AA |
| 63 | Cee-Kay Auto Supply, Inc. | 4949 Birney Ave., Moosic PA | PA | W | AZ W S AA |
| 64a | APW Co. | 315 N. 4th St., Reading PA | PA | W | AZ W S AA |
| 65 | One Stop Auto Parts, Inc. | 3417 Greenmount Ave Baltimore MD | MD | J | AZ W S AA |
| 66 | Goffstown Auto Parts, Inc. | 49 Bog Rd., Manchester NH | NH | W | AZ W S AA |
| 67a | Midwest Warehouse Corporation | 701 N. Miller Ave., Marion IN | IN | W | AZ W S AA |
| 68 | Best Auto Supply, Inc. | c/o Plaintiff # 01 | PA | J | AZ W S AA |
| 69 | Bachelders' Automotive Distributors, Inc. | 1169 Chestnut St., Athol MA | MA | J | AZ W S AA |
| 70 | North Shore Metals, Inc. | 45 Boston St., Lynn MA | MA | J | AZ W S AA |
| 71 | Marty's Auto Supply, Inc. | 55 Trowbridge St., Belmont MA | MA | J | AZ W AA |
| 72 | E & S Auto Parts, Inc. | 3335 Market St., Twin Oaks PA | PA | J | AZ W S AA |
| 73a | Irving Levine Automotive Distributors, Inc. | 110 South St., Danbury CT | CT | W | AZ W AA |
| 74a | Dyke, Inc. | 439 Washington Rd., Pittsb., PA | PA | W | AZ W S AA |
| 75 | Mariclare, Inc. | 30685 Stillwater Ln., Solon OH | OH | W | AZ W S AA |
| 76 | Mader Automotive Center, Inc. | 225 S. Walnut St., Troy OH | OH | J | AZ W S AA |
| 77 | Suburban Auto Supply, Inc. | 5083 S Morris Rd Swartz Creek MI | MI | J | AZ W S AA |

| No[1] | Name of Plaintiff | Address | Inc | DL[2] | Defts[3] |
|---|---|---|---|---|---|
| 78a | Dyke Motor Supply Co., West Inc. | 1720 Noblestown Rd Pittsburgh PA | PA | J | W S AA |
| 78b | Dyke Motor Supply Co., Inc. | 427 Washington Rd, Pittsburgh PA | PA | J | W S AA |
| 79 | Hoffman Auto Parts (partnership) | 6648 N Orange, Blossom Tr, Orlando FL | n/a | J | AZ W |
| 80a | Joyce's Automotive Supply, Inc. | 237 Starlite Rd, Mount Airy NC | NC | W | AZ W S AA |
| 80b | Joyce Auto Parts of Mt Airy, Inc | 237-B Starlite Rd, Mount AiryNC | NC | J | AZ W S AA |
| 81a | Omitted. | | | | |
| 81b | Omitted. | | | | |
| 82 | Omitted. | | | | |
| 83 | National Auto Parts of Appomattox, Inc. | Hwy 460W, Appomattox VA | VA | J | AZ W S AA |
| 84 | Crown Automotive Distributors, Ltd. | 280 Plainfield St, Providence RI | RI | J | AZ W S AA |
| 85 | Poquoson Auto Parts | 810 Poquoson Ave., Poquoson VA | VA | J | AZ W S AA |
| 86 | Steve's Auto Parts, Inc. | 38 Clover D., Lebanon PA | PA | J | AZ W S AA |
| 87a | Millenium Automotive Logistics, Inc. | 1803 Spencer Mt Rd, Ranco NC | NC | J | AZ W S AA |
| 87b | Southport Auto & Marine, Inc. | P.O. Box 458, Gastonia NC | NC | J | AZ W S AA |
| 87c | NAPA Clover Auto Parts, Inc. | P.O. Box 458, Gastonia NC | SC | J | AZ W S AA |
| 87d | Ralph A. Dickson, Jr.[4] | P.O. Box 458, Gastonia NC | n/a | J | AZ W S AA |
| 87e | Ralph A. Dickson, III[4] | P.O. Box 458, Gastonia NC | n/a | J | AZ W S AA |
| 87f | Janice D. Mercer[4] | P.O. Box 458, Gastonia NC | n/a | J | AZ W S AA |
| 87g | Wendell Whelchell[4] | P.O. Box 458, Gastonia NC | n/a | J | AZ W S AA |
| 87h | Myra Myers[4] | P.O. Box 458, Gastonia NC | n/a | J | AZ W S AA |
| 88 | Omitted. | | | | |
| 89 | Ken Washington Auto Parts, Inc. | 718 W Coshocton St, Johnstown OH | OH | J | AZ W S AA |
| 90 | Springfield Auto Supply, Inc. | 1241 WColumbia St Springfield OH | OH | J | AZ W S AA |
| 91a | Cambridge Four Star, Inc. | 1001 Turner Ave., Cambridge OH | OH | J | AZ W AA |
| 91b | Willard C. Starcher, Inc. | 124 Vandale Ave., Spencer WV | WV | J | W AA |
| 91c | Land & Lake Wholesale Supply, Inc. | 1301 Webster Rd. Summersville WV | WV | J | AZ W AA |
| 92 | Pioneer Auto Center, Inc. | 905 S. State St., Pioneer OH | OH | J | AZ W S AA |
| 93a | Workman's Auto Parts, Inc. | 811 E Cherry St, Canal Fulton OH | OH | J | AZ W S AA |
| 93b | Workman's Auto Parts of Hartville, Inc. | 118 No. Prospect, Hartville OH | OH | J | AZ W S AA |
| 93c | Workman's Portage Lakes Auto Parts, Inc. | 413 W Turkeyfoot Rd, Akron OH | OH | J | AZ W S AA |
| 94 | Met's Auto Supply, Inc. | 7552 Debby Ln., Mansfield OH | OH | J | AZ W S AA |
| 95 | Buckeye Auto Parts, Inc. | 26010 W River Rd, Perrysburg OH | OH | W | AZ W S AA |
| 96 | Toledo Auto Electric, Inc. | 5015 Enterprise St., Toledo OH | OH | J | AZ W S AA |
| 97a | Hopkins Auto Supply, Inc. | 620 NE Kelly Ave., Gresham OR | OR | W | AZ W |
| 98 | M & B, Inc. | 1020 W. Maloney, Gallup NM | NM | J | AZ W |
| 99 | Omitted. | | | | |
| 100 | Charles R. Russell, d/b/a Aurora National Auto Parts | 22912 Highway 99, Edmonds WA | n/a | J | W S |
| 101 | A & T Enterprises, Inc. | 2306 Dove Ln., Olympia WA | WA | J | W |
| 102 | Siggs Auto Parts | 214 S Washington St, Iola KS | n/a | J | AZ W AA |
| 103 | Omitted. | | | | |
| 104 | A to Z Auto Parts #2, Inc. | 9044 Watson Rd., St. Louis MO | MO | J | AZ W S AA |
| 105 | Auto Parts & Supply, Inc. | 226 Monticello Ave., W'msburg VA | VA | J | AZ W S AA |
| 106 | Partners Auto Parts, Inc. | 501 Kempsville Rd, Chesapeake VA | VA | J | AZ W S AA |
| 107 | Doc Meyer Auto Supply, Inc. | 412 W Dunklin, Jefferson City MO | MO | J | AZ W S AA |
| 108 | Wallace, Wallace & Wallace, Inc. | Rt. 2, Box 5168, Coldspring TX | TX | J | AZ W S |
| 109 | L. J. Hutchins Automotive Supply, Inc. | 7510 Porter Rd, Niagara Falls NY | NY | W | AZ W S AA |
| 110 | Omitted. | | | | |
| 111 | W. L. Greenfield Corp. | 13333 Bellingham Dr Evansville IN | IN | J | AZ W S AA |
| 112 | Wyan Parts & Service, Inc. | 42 Osceola Ave., Tallmadge OH | OH | J | AZ W S AA |
| 113 | Homestead Automotive Supply | 846 Forest Ave., W. Homestead PA | n/a | J | AZ W S AA |
| 114 | Steve's Auto Supply, Inc. | 122 Benton Dr., Canonsburg PA | PA | J | W AA |

| No[1] Name of Plaintiff | Address | Inc | DL[2] | Defts[3] |
|---|---|---|---|---|
| 115 Burns Automotive Parts, Inc. | 235 Essex St., Haverhill MA | MA | J | AZ W S AA |
| 116 Barlex, Inc. | 675 S. 4th St., Beaumont TX | TX | J | AZ W S AA |
| 117 Manny's Auto Supply, Inc. | 840 Silas Deane Hwy, Wethersfield CT | CT | W | AZ W S AA |
| 118 47th St. Auto Parts, Inc. | 4950 So. Broadway, Wichita KS | KS | J | AZ W S AA |
| 119 Omitted. | | | | |
| 120 ASPA Management Corp. | 239 B East Main St, Patchogue NY | NY | W | AZ W S AA |
| 121 Paramount Auto Parts, Inc. | 1240 S La Brea Ave, Inglewood CA | CA | J | AZ W S |
| 122 Omitted. | | | | |
| 123 Clyde Everett Sisson | Hwy 54, POB 206, Osage Beach MO | n/a | J | W |
| 124 General Auto Repair, Inc. | 4425 E. 14th St., Oakland CA | CA | J | AZ W |
| 125 Crest Auto Stores, Inc. | 5925 Lancaster Ave, Phila. PA | PA | J | AZ W S AA |
| 126 Willy's Auto Supply, Inc. | 190 Center St., Middleboro MA | MA | J | AZ W |
| 127 Auto Parts Discount Center, Inc. | 211 Powersby Rd, Joppa MD | VT | J | AZ W S AA |
| 128 S & G Automotive, Inc. | 1300 E. 2nd, Odessa TX | TX | J | AZ W S AA |
| 129 Apponaug Auto Supply, Inc. | 17 Valentine Cir., Warwick RI | RI | J | AA W S AA |
| 130 Jobbers Warehouse Service, Inc. | 3455 Roger B. Chaffe Drive, Grand Rapids MI | MI | W | AZ W AA |
| 131 J. S. Auto Parts, Inc. | 9 Roosevelt Pl., Newburyport MA | MA | J | AZ W S |
| 132 Lant Ent., Inc. | 6730 N Main St, N Kingsville OH | OH | J | AZ W AA |
| 133 Line Auto Supply, Inc. | 19 Cross St., Malden MA | MA | J | AZ S AA |
| 134 Main Auto Supply of Fairfield, Inc. | 15 Highland St., Meredith NH | CT | J | AZ W AA |
| 135 Johnston Distributing Co. | 5760 NW 54th Court, Johnston IA | IA | J | AZ W S AA |
| 136 McAlhaney Enterprises, Inc. | 733 Bells Highway, Walterboro SC | SC | J | AZ W AA |
| 137 Niles Auto Supply of | 7227 Rosewood Cir, N Syracuse NY | NY | J | AZ W S AA |
| 138 Bob's Tools & Auto, Inc. | 41 Barnum Rd., New Fairfield CT | CT | J | AZ W AA |
| 139a All Parts Auto Supply (partn.) | 508 Griner St., Del Rio TX | TX | J | AZ W AA |
| 139b Alfredo Carranza, Jr. | 1700 Bedell Ave, Del Rio TX | n/a | J | AZ W AA |
| 140 Superior Bumper Products, Inc. | 450 Bishop St, NW, Atlanta GA | GA | J | AZ W S AA |
| 141 Sloan Auto Parts, Inc. | 509 N Mangum St., Durham NC | NC | J | AZ W S AA |
| 142 Dennis E. Remiger | 5926 Martin Rd., Waterloo IL | n/a | J | AZ W S AA |
| 143 Parts Pro Warehouse, Inc. | 6601 Hamilton Ave, Pittsburgh PA | PA | W | AZ W S AA |
| 144 Parts Mart, Inc. | 72 Settlers Knoll, Newington CT | CT | J | AZ W S AA |
| 145 Mutt Radicke Auto Supply, Inc. | 2907 Fredericksburg Rd., San Antonio TX | TX | J | AZ W S AA |

# Defendants

The Retailer Defendants (¶¶ 7-26A)

7.    Defendant, AutoZone, Inc. ("AutoZone"), is a Nevada corporation incorporated in 1991 with its principal place of business at 123 S. Front St., Memphis, Tennessee 38103, and is doing business in New York, with retail stores in the Southern District of New York, including one at 248 E. Houston Street, New York NY 10002.

8.    AutoZone is in the business of selling auto parts to automotive owners and users, auto repair companies and to auto parts resellers, and

operates AutoZone stores in various states including Illinois, California, Nevada, Arizona, Oregon, Idaho, Nebraska, Utah and Kansas.

9. In addition, AutoZone is the ultimate parent corporation of the following entity not named as a defendant in this Complaint: AutoZone Mississippi, Inc., which operates all of AutoZone's stores in Mississippi.

10. AutoZone has more than 3,300 retail stores in the United States, with annual sales in excess of $5.3 billion.

10A. AutoZone has been purchasing products and product lines from Manufacturers, for the periods and at per-unit prices described in Appendices B-1, B-2, B-4 and B-5.

11. Defendant, **AutoZone Florida, L.P.** ("AutoZone Florida") operates all of AutoZone's stores in Florida, and is a direct or indirect subsidiary of AutoZone.

12. Defendant, **ADAP, Inc.** ("ADAP") operates all of AutoZone's stores in Connecticut, Delaware, Maine, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island and Vermont, and is a direct or indirect subsidiary of AutoZone.

13. Defendant, **AutoZone Stores, Inc.** ("AutoZone Stores"), which operates AutoZone stores in Alabama, Arkansas, Colorado, Washington, D.C., Georgia, Indiana, Iowa, Kentucky, Louisiana, Maryland, Michigan, Missouri, Nevada, New Mexico, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, Washington, West Virginia, Wisconsin and Wyoming, and is a direct or indirect subsidiary of AutoZone.

14. Defendant, **AutoZone.com, Inc.** (AutoZone.com"), which sells merchandise in all 50 states, and is a direct or indirect subsidiary of AutoZone.

15. Defendant, **AutoZone Texas, L.P.** ("AutoZone Texas"), which purchases all of AutoZone's merchandise and operates AutoZone's distribution

centers and trucking operations as well as AutoZone stores in Texas, and is a direct or indirect subsidiary of AutoZone.

15A. Defendant, **Chief Auto Parts, Inc.** ("Chief"), which operates AutoZone stores in Texas, Nevada, Arizona and California, and is a direct or indirect subsidiary of AutoZone.

16. The defendants described in ¶ 11 through ¶ 15A above, together with AutoZone and Discount Auto Parts stores purchased by any AutoZone entity, are hereby referred to as the "AutoZone Defendants", and all purchases and sales of auto-parts product lines by AutoZone, as alleged herein occurred through one or more of the AutoZone Defendants.

17. Defendant, **Wal-Mart Stores, Inc.** ("Wal-Mart"), is a Delaware corporation with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716, and has a place of business in the Southern District of New York at 310 5th Avenue, New York, NY 10001.

18. Wal-Mart is in the business of selling goods of various types, including auto parts to automotive owners and users, auto repair companies and to auto parts resellers.

19. Wal-Mart has approximately 3,000 retail stores (including more than 700 Wal-Mart Supercenters) throughout the United States, with annual sales of auto parts amounting to approximately $4 billion, serving more than 100 million customers weekly in the 50 states.

20. Defendant Wal-Mart also operated Sam's Club ("Sam's Club"), a division of Wal-Mart, at all relevant times until Sam's Club was transferred on or about January 29, 1999 to a newly-incorporated Arkansas corporation, Sam's West, Inc

20A. Wal-Mart has been purchasing products and product lines from Manufacturers, for the periods and at per-unit prices described in Appendices B-1, B-2, B-4 and B-5.

21. Defendant, **Sam's West, Inc.** ("Sam's Club"), is an Arkansas corporation incorporated on January 29, 1999 with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716, and has a place of business in the Southern District of New York at 333 Saw Mill River Rd., Elmsford, NY 10523.

22. Since 1983, Sam's Club has been in the business of selling goods of various types, including a limited line of auto parts (including automotive oil) to automotive owners and users, auto repair companies and to auto parts resellers.

23. As of 2004, Sam's Club has more than 46,000,000 members, more than 500 retail stores throughout the United States, annual sales of more than $30 billion, with annual sales of auto parts amounting to an estimated $1 billion.

23A. Sam's Club has been purchasing products and product lines from Manufacturers, for the periods and at per-unit prices described in Appendices B-1, B-2, B-4 and B-5.

24. Defendant, **Advance Stores Company, Inc.**, d/b/a Advance Auto Parts ("Advance"), is a Virginia corporation with its principal place of business at 5673 Airport Road, Roanoke, Virginia 24012, and has a retail store located in the Southern District of New York, at 59 N. Plank Road, Newburgh, New York 12550-2111.

25. Advance is in the business of selling auto parts to automotive owners and users, auto repair companies and to auto parts resellers.

26. Advance has approximately 2,600 retail stores throughout the United States, with annual sales in excess of $3 billion, including the 1999 acquisition through consolidation of the Sear's chain of Western Auto and Parts America stores, and in November, 2001 Advance acquired Discount Auto Parts, Inc.

26A. Advance has been purchasing products and product lines from Manufacturers, for the periods and at per-unit prices described in Appendices B-1, B-2, B-4 and B-5.

## The Manufacturer Defendants (¶¶ 27-57)

27. Defendant, **Affinia Group, Inc.** ("Affinia"), a Delaware corporation, has its principal place of business at 1101 Technology Drive, Ann Arbor, MI 48108.

28. During late 2004, Affinia bought a substantial part of Defendant Dana Corporation's ("Dana's") auto-parts aftermarket business (other than the BWD or BorgWarner business) for a cash payment of about $1.1 billion.

29. Affinia is in the business of manufacturing and selling auto parts and auto parts lines (as described in ¶ M#07 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

30. Upon information and belief, Affinia is a successor to Dana and liable for the obligations of Dana to each of the plaintiffs.

30A. Affinia has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

31. Defendant, **ArvinMeritor, Inc.** ("Arvin") an Indiana corporation incorporated in March 2000, has its principal place of business at 2135 West Maple Road, Troy, Michigan 48084-7121. Arvin was originally sued herein as Arvin Industries, Inc., and is the successor by merger to Arvin Industries, Inc.

32. Arvin is in the business of manufacturing and selling auto-parts Lines and Parts (as described in ¶ M#03 of ¶ 66 below) to auto parts resellers,

including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

32A. Arvin has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

33. Defendant, **Ashland, Inc. (Valvoline Division) ("Valvoline")**, has its principal place of business at of 3499 Blazer Parkway, Lexington, Kentucky 40509.

34. Valvoline is in the business of manufacturing and selling auto-parts Lines and Parts (as described in ¶ M#16 of ¶ 66 below) to auto-parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

34A. Valvoline has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

35. Defendant, **Cardone Industries USA ("Cardone")** has its principal place of business at 5501 Whitaker Ave., Philadelphia, Pennsylvania 19124-1799.

36. Cardone is in the business of manufacturing and selling auto-parts Lines and Parts (as described in ¶ M#05 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, which includes the Retailer Defendants, most other Major Retailers, and most of the direct-purchasing plaintiffs.

36A. Cardone has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing

Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

37. Defendant, **Dana Corporation** ("Dana"), has its principal place of business at 4500 Dorr St., Toledo, Ohio 43615.

38. Dana is in the business of manufacturing and selling auto-parts Lines and Parts (as described in ¶ M#04 and M#07 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

39. During late 2004, Dana sold a substantial part of its auto-parts aftermarket business to The Cypress Group for a cash payment of about $1.1 billion, but retained its business of manufacturing, distributing and marketing engine products, such as piston rings, gaskets and engine bearings.

40. Dana is a successor in interest through merger with Echlin, Inc. to the BWD or BorgWarner auto-parts business of Echlin, Inc., and in July, 2003, Dana transferred such business to Defendant Standard Motor Products, Inc.

41. During late 2004, Dana sold substantially all of its automotive aftermarket business (including the manufacturing and sale of auto parts) to Affinia Group, Inc.

41A. Dana has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.


42. Defendant, **Ford Motor Company (Motorcraft division)** ("Motorcraft"), a Delaware corporation, has its principal place of business at 16800 Executive Plaza Drive, Dearborn, Michigan 48126-4207.

43. Motorcraft is in the business of manufacturing and selling auto parts Lines and Parts (as described in ¶ M#10 of ¶ 66 below) to auto parts

resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

43A. Motorcraft has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

44. Omitted.

45. Omitted.

45A. Omitted.

46. Defendant, **Pennzoil-Quaker State Company** ("Pennzoil"), has its principal place of business at Pennzoil Place, Houston, Texas 77252-2967. In October, 2002, Pennzoil was acquired by Shell Oil Company, and in May, 2003, Pennzoil either changed its name to, or adopted the trade name of, "SOPUS Products", or transferred substantially all of its assets to SOPUS Products, Inc., as to which Pennzoil is a predecessor.

47. Pennzoil is in the business of manufacturing and selling auto parts Lines and Parts (as described in ¶ M#11 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

47A. Pennzoil has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

48. Defendant, SOPUS Products, Inc. ("SOPUS"), has its principal place of business at Pennzoil Place, Houston, Texas 77252-2967.

49. In May, 2003, SOPUS acquired substantially all of the business and assets of Pennzoil, and is a successor in interest to Pennzoil or, alternatively, is the same corporation as Pennzoil.

50. SOPUS is in the business of manufacturing and selling auto parts Lines and Parts (as described in ⁽ M#11 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

50A. SOPUS has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

51. Defendant, Standard Motor Products, Inc. ("Standard"), a New York corporation, has its principal place of business at 37-18 Northern Boulevard, Long Island City, New York 11101.

52. Standard is in the business of manufacturing and selling auto parts Lines and Parts (as described in ⁽ M#12 of ⁽ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

52A. Standard has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing

Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

53. Defendant, **Stant Manufacturing, Inc.** ("Stant"), has its principal place of business at 1620 Columbia Avenue, Connersville, IN 47331.

54. Stant is in the business of manufacturing and selling auto parts Lines and Parts (as described in ¶ M#18 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

54A. Stant has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

55. Defendant, **The Armor All/STP Products Company** ("ArmorAll"), has its principal place of business at 1221 Broadway, Oakland, CA 94612.

56. ArmorAll is a wholly-owned subsidiary of The Clorox Company since its acquisition in 1996.

57. ArmorAll is in the business of manufacturing and selling auto parts Lines and Parts (as described in ¶ M#17 of ¶ 66 below) to auto parts resellers, including wholesalers, retailers and jobbers, including most of the defendants and plaintiffs.

57A. ArmorAll has been selling products and product lines to the Defendant Retailers, the other Major Retailers and to direct-purchasing Plaintiffs, WD Suppliers, other independent auto-parts WDs and others, for the periods and at per-unit prices described in Appendices B-1 through B-5.

58.  The relevant period (the "Relevant Period") for each of the various categories of claims alleged herein is as follows:

A.  As to all claims against the Manufacturer Defendants, the Relevant Period commences four years prior to the filing of the within complaint on October 27, 2004;

B.  As to all other claims asserted by the Plaintiffs (other than the claims in Count V), the Relevant Period commences on February 16, 2000, the date of filing of the original complaint in the Predecessor Action, which date was the cutoff date for evidence during the trial in the Predecessor Action;

C.  As to the claims of the 19 Plaintiffs alleged in Count V (alleged fraud and other claims), the claims accrued during 2002, and under CPLR 213 have a 6-year limiting period (with lesser time periods for the other claims); and

D.  As to all other claims asserted by the 111 Dismissed Plaintiffs, the Relevant Period commences on February 16, 1996 (four years prior to the filing of the original complaint in the Predecessor Action) and ends on May 16, 2002, and resumes on the date of the filing of the Notice to Reactivate Claims (on July 22, 2003).  See the Stipulation, dated May 16, 2002.

59.  Omitted.

Goods Alleged for Plaintiffs' 2(a), 2(f) Claims Are
"Auto-Parts Product Lines" and, Alternatively, Individual "Auto Parts"

60.  Plaintiffs allege, alternatively, that the goods as to which the alleged unlawful price discrimination has occurred are (i) auto-parts product Lines and/or (ii) auto parts as described in ¶ 65 below and in annexed Appendices B-1, B-2, B-4, B-5 and B-6.  The purpose of this alternative allegation is to enable the plaintiffs to prove that the discriminatory pricing occurred with respect to specific product lines of the Manufacturer Defendants, without having to allege or prove that as to each different part within a

product Line purchased by a plaintiff was contemporaneously purchased by each of the Retailer Defendants or other Major Retailers (with the identical or corresponding part number), which is burdensome to perform for plaintiffs carrying several hundred thousand different parts each having its own unique part number, as compared to perhaps 75-100 different product Lines. The Manufacturer Defendants offer, price and sell their parts according to product lines, whether or not a customer buys each and every part within the product line, and with the price of a specific part being dependent on overall purchases of the product Line by the Manufacturer's customer. Accordingly, reference to auto parts is a reference alternatively to the product line for such parts within this Count I and/or to specific auto parts.

60A. Auto-parts lines are offered, marketed, sold and priced by the Manufacturers as a line, and not by specific parts within a line. The Plaintiffs and the Defendant Retailers are sold a product line, and the ultimate resale of the line by bits and pieces does not change the way in which parts are negotiated and sold as a group called a line. Competition at the resale level is to sell one part from the retailer's line to an end user. Product lines at issue in this lawsuit are listed in Appendix B-5.

61. Each of the Retailer Defendants functions as a WD in purchasing for its own jobber/retail stores, and as such is in direct competition with the 2-step WD plaintiffs (which have named them as defendants) and the direct-purchasing plaintiff jobbers (which have named them as defendants) for the purchase and sale of auto-parts lines and/or auto parts (hereinafter, "Lines and Parts" or "auto parts Lines and Parts") in said aftermarket. Line and Part sales made by each of the competing Retailer Defendants represent the loss or possible loss of business for said plaintiff WD's and jobbers. This is the secondary-line competition between Jobber and 2-step WD Plaintiffs and the Retailer Defendants.

62. Each of the Retailer Defendants also functions as a jobber as to its own retail stores, and as such is in competition with the plaintiff jobbers and 2-step WD's also functioning as jobbers (which have named them as defendants) for the purchase and sale of auto-parts Lines and Parts in said aftermarket, and sales made by each of the Retailer Defendants represent the loss or possible loss of business for said plaintiffs.

62A. The 3-step WD Plaintiffs are in indirect (tertiary-line) competition with the Retailer Defendants for end-user customers, with the 3-step WD Plaintiffs' customers being in direct competition with the Retailer Defendants for the same end-user customers, and in direct competition with the Retailer Defendants for the purchase of auto-parts Lines and Parts from the Manufacturer Defendants.

63. The WD and Jobber plaintiffs compete with each of the Retailer Defendants at one or more functional levels of distribution, directly or indirectly, for the resale of auto parts Lines and Parts.

64. All sales by the Retailer Defendants (AutoZone Defendants, Advance, Wal-Mart and Sam's Club) using their respective Internet websites, are competitive with the plaintiffs to the extent that such website sales are delivered into the geographic area from which the respective plaintiffs obtain their retail or end-user customers.

### The Auto-Parts Lines and Parts Aftermarket

65. The products involved are new and remanufactured auto-parts Lines and Parts for sale after the automobiles and other vehicles have been built (the "auto-parts Lines and Parts aftermarket"), including repair parts, consumable items, automobile accessories, tools and manuals for automotive repairs, parts and accessories for vans and light trucks, and auto parts and accessories purchased for installation in new and used cars, vans and light trucks, being sold by new-car and used-car dealers, but generally does not include tires,

batteries, windshields or windows, major body parts such as new fenders, trunks, hoods, doors or chassis frames; gasoline, or used auto parts Lines and Parts (except for remanufactured parts).

66. The Manufacturers of the auto-parts Lines and Parts described in ¶ 65 above which have been selling such Lines and Parts to the Retailer Defendants and other Major Retailers at favorable, discriminatory prices include:

M#01 - General Motors Corporation (ACDelco Division) (ACDelco auto-parts Lines and Parts for suspension, batteries, brakes, air conditioning, wire and cable, water pumps, remanufactured starters and alternators, belts and hoses, steering, clutches, spark plugs, fuel pumps, and chassis)

M#02 - Omitted.

M#03 - ArvinMeritor, Inc. (Arvin Industries, Inc.) (Maremont, Gabriel, Timex, Strong Arm, Mighty Lift, Purolator)

M#04 - Dana Corporation and Standard Motor Products, Inc., as licensees of BorgWarner, Inc. (BorgWarner and/or BWD products and product lines for ignition, fuel injection parts, emission control system parts, remanufactured electrical components, wire and cable and wire and cable accessories, clutch components, fuel pumps, carburetor kits and parts, cap and rotor kits, and water pumps) [See M#07 as to Dana Corporation and successor Affinia Group, Inc.]

M#05 - Cardone Industries USA (rebuilts, product lines for brakes, drivetrain, electronics, motors, pumps and steering)

M#06 - Omitted.

M#07 - Dana Corporation and successor Affinia Group, Inc. (Raybestos, Perfect Circle, Victor, Clevite, Spicer, Wix, AIMCO, McQuay-Norris, Beck/Arnley, Mr. Gasket) [See M#04 above as to BWD and BorgWarner products and product lines]

M#08 - Federal Mogul Corporation [*not named as a defendant at this time due to bankruptcy stay*] (Carter, Signal-Stat, Sealed Power, BCA, National,

TRW, Switches, Fel-Pro, McCord, FP Diesel, Ferodo, Abex/Ferodo, Moog, Wagner Brake, Precision, Gibson, Omega, Anco, Champion, Power Path, Wagner Lighting, Payen, Glyco, AE, Goetze, Nural, Blazer, Speed Pro, Zanxx, Lee Brake)

M#09 - Omitted.

M#10 - **Motorcraft division of Ford Motor Company** (Motorcraft product lines for belt drive system parts, body-interior parts, brake/wheel hub parts, cooling system parts, drivetrain parts, electrical parts, electrical-connector parts, electrical-switch & relay parts, emission parts, engine parts, fuel/air parts, heat & air conditioning parts, ignition parts, steering parts, suspension parts, transmission-automatic parts, and wiper & washer parts)

M#11 - **Pennzoil-Quaker State Co./SOPUS Products, Inc.** (Pennzoil, Quaker State, Wolf's Head, Slick 50, Rain-X, Blue Coral, Black Magic, Westley's, Medo, Axius, Gumout, Fix-A-Flat, The Outlaw, Snap, Classic car wax, Pennzoil Roadside Rescue)

M#12 - **Standard Motor Products, Inc.** (Standard, Blue Streak, Hygrade carburetor kits, GP/Sorensen, Federal, Filko and Cobra brand product lines for belt drive system parts, body-exterior parts, body-interior parts, brake/wheel hub parts, cooling system parts, electrical parts, electrical-connector parts, electrical-lamp & socket parts, electrical-switch & relay parts, emission parts, engine parts, fuel/air parts, heat & air conditioning parts, ignition parts, suspension parts, transmission-automatic parts, and wiper & washer parts; and Four Seasons, Everco, Murray, Air Parts and Factory Air brand product lines for air conditioners and temperature control parts) [See M#04 above as to BWD and BorgWarner products and product lines]

M#13 - Omitted.

M#14 - Omitted.

M#15 - Omitted.

M#16 - **Valvoline Company division of Ashland, Inc.** (Valvoline motor oils, Eagle One automotive appearance products, Zerex antifreeze)

M#17 - The Armor All/STP Products Company (ArmorAll brand car-care Lines and Parts including gels, protectants, cleaners, wipes, polishes, washes, and products for leather care and for tire and wheel care; and STP brand car-care Lines and Parts: (i) fuel additives: gas treatment, fuel system cleaner, fuel injector cleaner, fuel injector and carburetor treatment, octane performance booster, water remover, diesel fuel treatment and injector cleaner, and lead substitute; (ii) oil additives: oil treatment, 4-cylinder oil treatment, smoke treatment, and engine stop leak; and (iii) functional fluids: heavy duty brake fluid, power steering fluid, and power steering and stop leak fluid)

M#18 - Stant Manufacturing, Inc. (gas, oil and, radiator caps; locking gas caps; automotive thermostats; fuel system valving; and cooling system, fuel cap, fuel system and vacuum testers).

67. A partial listing of the Lines and Parts being purchased by the Retailer Defendants in violation of the plaintiffs' rights under the Robinson-Patman Act are included within M#1 through M#18 in the subparagraphs M#01 through M#18 in the preceding ⁶ 66.

68. In some instances, the Manufacturer Defendant sells private label auto-parts Lines and Parts to the Major Retailers, including the Retailer Defendants, which are otherwise identical (or of equal grade and quality) to the branded product lines (and auto-parts Lines and Parts described in ⁶⁶ M#01-M#18 in ⁶ 66 above at substantially lower product-line prices, without making the private-label Lines or Parts, or equivalent Lines or Parts, available to the plaintiffs or plaintiffs' suppliers at the same low Line or Part price.

69. Omitted.

## Product and Geographic Markets

70. The product market is the auto-parts Lines and Parts aftermarket, as described in ¶ 65 above, with the "aftermarket" referring to the market for such auto-parts Lines and Parts to be used with automotive vehicles after they have been manufactured, such as for repair, customization, or for installation by a dealer prior to or after resale of the vehicle.

71. The geographic market for each plaintiff (as set forth in Appendix C) varies from plaintiff to plaintiff and from store to store of a single plaintiff, but generally will range from 5 to 25 miles for Jobbers and for a radius of several hundred miles or more for warehouse distributors; and as to Internet sales the geographic market is the entire United States.

72. Each of the WD and Jobber plaintiffs, respectively, has designated (a) in ¶ 6 above one or more of the Retailer Defendants and (b) in Appendix D below one or more of the Manufacturer Defendants, if any -- against whom the plaintiff seeks monetary damages or other relief, with each of such designated Retailer Defendants having one or more stores within the geographic area alleged by the plaintiff. Each of such Retailer Defendants acting knowingly and in concert with the designated Manufacturer Defendant(s) has taken away sales of auto-parts Lines and Parts from the designating plaintiff by reason of the discriminatory prices at which the Retailer Defendant has been buying its auto-parts Lines and Parts from the Manufacturer Defendants.

## Definitions

73. The following definitions apply in this complaint:

A. "19 Plaintiffs" refers to the Coalition together with the 18 Jobber and WD plaintiffs identified in subparagraphs 1, 9, 37, 46, 51b, 52, 63, 64a, 67a, 73a, 74a, 75, 95, 97a, 109, 120, 130, 143 of ¶ 6, which plaintiffs had their claims against the AutoZone Defendants, Defendant Advance and (former

defendant) Discount (up to the cutoff date of February 16, 2000) tried during January, 2003;

B.   "133 Plaintiffs" refers to the plaintiffs identified in subparagraphs 1-145 of ¶ 6 (including the 18 Jobber and WD plaintiffs among the 19 Plaintiffs) which were dismissed from the Predecessor Action pursuant to Stipulation and Order dated May 16, 2002 together with the Coalition; see footnote 1 on page 3 above for definition of the "111 Dismissed Plaintiffs".

C.   "2-Step Distribution" refers to auto parts Lines and Parts sold by a Manufacturer to a WD, and from the WD directly to the end user.

D.   "3-Step Distribution" refers to auto parts Lines and Parts sold by a Manufacturer to a WD, and from the WD to a Jobber, and from the Jobber (functioning as a jobber or retailer) to the end user.

E.   "Buying Group" refers to an incorporated or non-incorporated association of auto-parts jobbers and WD's as members formed by its members to obtain lower prices for Lines and Parts from auto-parts manufacturers that the individual members are or were able to obtain as an individual purchaser.

F.   "Independent", in referring to a WD or jobber, means a WD or jobber which is not owned by a Major Retailer (such as any of the Retailer Defendants) or any other national chain retailer of auto-parts Lines and Parts and accessories having hundreds or thousands of retail stores in the United States.

G.   "Jobber" refers to an independent company which makes most of its purchases of auto parts Lines and Parts from Warehouse Distributors or W/D's, in what is known in the industry as  a 3-Step Distribution (manufacturer to WD to jobber). Jobbers sell auto parts to end users, including installers and "Do-It-Yourselfers".

H.   "Major Retailer" or "Major Retailers" refers to any of the Retailer Defendants and/or any of major retailers Discount Auto, CSK Auto, Inc.

(and its Checker, Schuck's and Kragen divisions), The Pep Boys - Mannie, Moe and Jack; O'Reilly Automotive, Inc.; and Keystone Automotive Operations, Inc.

I.   "Manufacturer" or "Manufacturers" refers to each of the auto-parts manufacturers which sells auto parts Lines and Parts to any of the plaintiffs, the Retailer Defendants and other Major Retailers. The Manufacturers are listed in subparagraphs M#01 through M#18 in ¶ 66 above.

J.   "Manufacturer Defendants" refers to the auto-parts manufacturers named as defendants herein, described in ¶¶ 30-57A above.

K.   "Predecessor Action" refers to the complaint filed in this Eastern District of New York on February 16, 2000, in which a final judgment was dated and entered on February 13, 2004, referring to the Stipulation, as follows:

> ... pursuant to Stipulation Amending the 2nd Amended Complaint and Dismissing Certain Parties and Issues dated May 16, 2002 (the "5/16/02 Stipulation") the approximately 220 remaining plaintiffs have reactivated their previously-dismissed claims on a timely basis, and the Court deciding that any such claims should be made pursuant to the filing of a new complaint, subject to the terms and conditions of the Stipulations, it is

> ORDERED, ADJUDGED AND DECREED: that this reactivated case involving approximately 220 plaintiffs (not including any of the 22 Plaintiffs) is hereby dismissed, and the Clerk of the Court is hereby directed to dismiss the complaint without prejudice with respect to the 220 Plaintiffs identified as reactivating their claims in the July 22, 2003 Notice of Reactivation of Dismissed Plaintiffs and Claims, with any new complaint(s), wherever filed, to be subject to the terms and conditions of the 5/16/02 Stipulation.

L.   "Product Line" or "Product Lines" (or "Line" or "Lines") refers to the group of auto parts which is sold as a related group known as a "product line" or "line" by a Manufacturer, including the Manufacturer Defendants. See ¶ 60 for a further explanation. Sometimes a brand is used to identify all the Parts within a specific Line, and in other instances brands may be used across multiple Lines. The catalog or "Blue Sheet" price list in which a specific part is listed by its manufacturer defines the manufacturer's product line including such part.